# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**City of Wheeling,**
**Employer Below, Petitioner**

**v.)**     **No. 26-77**     (JCN: 2024010987)
                          (ICA No. 25-ICA-222)

**David Gilbert,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner City of Wheeling ("City") appeals the December 4, 2025, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See City of Wheeling v. Gilbert* ("*Gilbert III*"), No. 25-ICA-222, 2025 WL 3486748 (W. Va. Ct. App. Dec. 4, 2025) (memorandum decision). Respondent David Gilbert filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the April 29, 2025, decision of the West Virginia Workers' Compensation Board of Review. The Board of Review reversed the claim administrator's November 5, 2024, order closing the claim and continued temporary total disability benefits from June 3, 2024, and thereafter as substantiated by proper evidence. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

The City asserts that none of the claimant's medical records documented right wrist swelling, bruising, or ecchymosis, which would have been present had the claimant suffered a scapholunate ligament tear.[2] This was explained by Leonard J. Buck, M.D., in his report. Thus, the City argues that the ICA erred in affirming the Board of Review's decision to add scapholunate instability, right wrist, and scapholunate ligament tear, right wrist, to the claim in *City of Wheeling v. Gilbert* ("*Gilbert I*"), No. 25-ICA-138, 2025 WL 2993722 (W. Va. Ct. App. Oct. 24, 2025)

---

[1] The City appears by counsel Aimee M. Stern, and the claimant appears by counsel Sandra K. Law.

[2] The claimant is a firefighter/paramedic for the City, who filed a workers' compensation claim after slipping and falling onto a stretcher with his right hand outstretched. Initially, the claim was held compensable for a right wrist sprain.

1

(memorandum decision).[3] Therefore, the City argues that in *City of Wheeling v. Gilbert* ("*Gilbert III*"), No. 25-ICA-222, 2025 WL 3486748 (W. Va. Ct. App. Dec. 4, 2025) (memorandum decision), the ICA erred in affirming the continuation of temporary total disability benefits for the scapholunate conditions that should never have been added to the claim.

The claimant counters by arguing that the City is improperly relitigating the addition of the scapholunate conditions when the Board of Review's decision to add them has already been affirmed. The claimant argues that he is entitled to temporary total disability benefits during the healing period following the treatment for the scapholunate conditions. Therefore, the claimant argues that the ICA's affirmation of the continuation of temporary total disability benefits in *Gilbert III* should be affirmed.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. *See* Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: July 30, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan

---

[3] In *Gilbert I*, the ICA affirmed the Board of Review's decision adding the scapholunate conditions to the claim and noted that the Board found Dr. Buck's report unreliable. *Id.* at *3. This Court affirmed the ICA's *Gilbert I* decision in *City of Wheeling v. Gilbert* ("*Gilbert II*"), No. 25-ICA-138, 2026 WL 1543057 (W. Va. Jun. 1, 2026) (memorandum decision).